# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NARAYANA I. SRINIVASAN | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. PJM 05-127 |
| | * | |
| JOHN SNOW, | * | |
| Secretary, United States Department | * | |
| of Treasury, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

# **MEMORANDUM OPINION**

### I.

Plaintiff Narayana Srinivasan has filed a Motion for Reconsideration of the Court's June 28, 2005 Order denying his Motion to Stay Consideration of Defendants' Motion for Summary Judgment and its July 7, 2005 Order granting Defendants' Motion for Summary Judgment. For the reasons stated below and those stated on the record at the July 6, 2005 hearing, the Court DENIES the instant Motion.

### II.

A Motion for Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure should be granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Reconsideration of a judgment "is an extraordinary remedy which should be used sparingly." Id. (quoting 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). A motion for reconsideration generally does not allow a party to re-argue a motion for summary judgment by submitting exhibits or affidavits after the entry of judgment, especially "where the party seeking to amend judgment has made absolutely no showing that the additional evidence could not have been timely submitted in the exercise of reasonable diligence." Weyerhauser Corp. v. Koppers Co, Inc., 771 F. Supp. 1406, 1419 (D. Md. 1991) (citation omitted).

Srinivasan urges the Court to apply a more relaxed standard because he was allegedly denied a full opportunity to oppose Defendants' Motion for Summary Judgment. The Court disagrees. The Motion for Summary Judgment was filed on April 8, 2005. The Court gave Srinivasan an extension of time to respond, and he filed his Response, along with a Motion to Stay the Court's Consideration of the Motion for Summary Judgment, on April 29, 2005. The date for oral argument on the Motion for Summary Judgment was originally set for June 10, 2005 but was pushed back to July 6, 2005. On June 28, 2005, the Court denied the Motion to Stay. That clearly signaled that the Court was prepared to consider the Motion for Summary Judgment on July 6, which in fact it did. It was not reasonable for Srinivasan to simply assume that his Motion to Stay would be granted. His suggestion that summary judgment is rarely decided before discovery is undertaken is inaccurate. Defendants have cited numerous cases in their Responses to Srinivasan's Motion to Stay and Motion for Reconsideration affirming the

proposition that the court may rule on a Motion for Summary Judgment before formal discovery has taken place.

In any event, in his Motion to Stay and the affidavit accompanying it Srinivasan failed to spell out with particularity and with appropriate affidavits why discovery was necessary before summary judgment might be considered, as required by Rule 56(f).  See Fed. R. Civ. P. 56(f) ("Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."); Delgado v. Prudential Ins. Cos. of Am., 1998 U.S. App. LEXIS 26902, at *6-7 (4th Cir. 1998) ("Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.  To take advantage of Rule 56(f) the party opposing summary judgment must show how discovery will allow her to rebut the motion." (citations omitted)).  Srinivasan was given a fair opportunity to oppose summary judgment.

### III.

When Srinivasan was granted leave to file the instant Motion within thirty days following the July 6 hearing, the Court made it clear that the traditional standard for a Motion for Reconsideration would apply.  See Transcript of July 6, 2005 Hearing at 81-82.  Srinivasan has not attempted to meet this standard.  His Motion is little more than a re-argument of his Opposition to the Motion for Summary Judgment.  Indeed, he expressly asks the Court apply the

standard for a Motion for Summary Judgment to the instant Motion. The Court declines to do so. Applying the proper standard of review, the Motion for Reconsideration must be denied.

In support of his hostile work environment claim, Srinivasan has now submitted several affidavits and exhibits. All but one of these affidavits and exhibits, however, appear to have been prepared before the July 6 hearing. The remaining affidavit, filed on July 14, 2005, is that of Srinivasan himself. Srinivasan offers no explanation why these papers were not filed before the July 6 hearing. Obviously Srinivasan had knowledge of the information in his own affidavit before the hearing; obviously he could have prepared and filed it before the hearing. The Court finds none of these affidavits and exhibits to be "new evidence" within the meaning of Rule 59(e).

Srinivasan's own affidavit bears special comment. As Defendants point out, it alleges that the conduct and comments on which his claims rest occurred with greater frequency and severity than the record demonstrated as of the July 6 hearing. Srinivasan cannot generate an issue of material fact by filing an affidavit that avers facts that conflict with his earlier record testimony. See Spriggs v. Diamond Auto Glass, 242 F.3d 179, 186 (4th Cir. 2001).

Srinivasan also re-argues that the "physical assaults" that he has alleged suffice, without more, to survive summary judgment. The Court concluded at the July 6 hearing, however, that these two events, together with the alleged remarks and other conduct by Defendants, were not enough to overcome Defendants' Motion, and it stands by that conclusion.

Further, Srinivasan takes issue with the Court's conclusion that he cannot sustain a retaliation claim because he has failed to establish an adverse employment action. The Court

also addressed this issue at length during the hearing, see Transcript of July 6, 2005 Hearing at 71-74, 77-78, and again, the Court stands by the determination it made at that time.

Finally, Srinivasan argues that he has made out a claim for constructive discharge based on the "intolerable" working conditions he was required to endure. Since his hostile work environment claim fails, this claim must fail as well.[1]

**IV.**

For the foregoing reasons, the Court DENIES Srinivasan's Motion for Reconsideration. [Paper No. 37].

A separate Order will be ENTERED.

 

**November 28th, 2005**

                        **/s/**
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Srinivasan also includes arguments regarding the timeliness of certain of his claims and the administrative exhaustion of his constructive discharge claim. Defendants did not dispute the timeliness of Srinivasan's claims after March 2001, and the Court did not find that the constructive discharge claim was barred for failure to exhaust administrative remedies. Accordingly, these arguments are irrelevant to the instant Motion.